# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

Victoria Lynn Payne,

                Plaintiff,        Case No. 17-cv-13103

v.                                    Judith E. Levy
                                     United States District Judge
Kevin R. Clinton, Bill Schuette,
and Paul J. Sullivan               Mag. Judge Patricia T. Morris

                Defendants.

_____/

# OPINION AND ORDER DISMISSING PLAINTIFF'S COMPLAINT FOR EQUITABLE RELIEF [1] AND DENYING AS MOOT PLAINTIFF'S REQUEST FOR SUMMARY JUDGMENT [5]

Michigan prisoner Victoria Lynn Payne ("plaintiff") has filed a *pro se* civil rights complaint under 42 U.S.C. § 1983. The Court granted plaintiff's application to proceed *in forma pauperis,* and plaintiff is proceeding without prepayment of the filing fee under 28 U.S.C. § 1915(a)(1). After careful consideration, the Court summarily dismisses the complaint.

**I.    Background**

Plaintiff is incarcerated at the Huron Valley Women's Correctional Facility in Ypsilanti, Michigan. Sometime in 2015, the Michigan State Disbursement Unit, an arm of the Child Support System for the State of Michigan, deposited $1,900.00 in plaintiff's prison account. *See* Dkt. 1 at 90–91. The deposits were long-overdue child support payments related to a 1993 child custody proceeding. *Id.* The State then sought reimbursement of the costs associated with plaintiff's incarceration under Michigan's State Correctional Facility Reimbursement Act (SCFRA).[1] *See* Mich. Comp. Laws § 800.401 *et seq.* The Kent County Circuit Court awarded the State 50% of incoming child support payments. *See* Dkt. 1 at 91. Plaintiff filed a complaint in the Michigan Court of Claims, seeking a reversal of the Circuit Court's decision and monetary damages of $1,000,000. The Michigan Court of Claims denied relief, finding the claims barred by governmental immunity and *res*

---

[1] The State Correctional Facility Reimbursement Act (SCFRA) facilitates reimbursement from its prisoners for their incarceration costs. See Mich. Comp. Laws §§ 800.401–06. The statute authorizes the filing of a complaint in the circuit court "to secure reimbursement, from the assets of a prisoner, for the expenses incurred by the state for the cost of care of the prisoner during the entire period of his incarceration." *State Treasurer v. Sheko,* 218 Mich. App. 185, 187 n. 1 (Mich. Ct. App. 1996).

*judicata*, and that the complaint failed to state a claim upon which relief could be granted. *Id.* at 90–96.

Plaintiff then filed the pending civil rights complaint. She names three defendants: former state treasurer, Kevin Clinton, Attorney General Bill Schuette, and Kent County Circuit Court Judge Paul J. Sullivan. Plaintiff challenges the Michigan Court of Claims' decision denying her relief.

## II. Standard

Federal Rule of Civil Procedure 8(a) requires that a complaint set forth "a short and plain statement of the claim showing that the pleader is entitled to relief," as well as "a demand for the relief sought." Fed. R. Civ. P. 8(a)(2), (3). The purpose of this rule is to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957) and Fed. R. Civ. P. 8(a)(2)). While such notice pleading does not require detailed factual allegations, it does require more than the bare assertion of legal conclusions. *Twombly*, 550 U.S. at 555. Rule 8 "demands more than an unadorned, the defendant-unlawfully-harmed me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678

(2009). "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Id.* (quoting *Twombly*, 550 U.S. at 555). "Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Id.* (quoting *Twombly*, 550 U.S. at 557).

Under the Prison Litigation Reform Act of 1996 ("PLRA"), the Court is required to *sua sponte* dismiss an *in forma pauperis* complaint before service on a defendant if it determines that the action is frivolous or malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief. *See* 42 U.S.C. § 1997e(c); 28 U.S.C. § 1915(e)(2)(B); *see also* 28 U.S.C. § 1915A (applying this standard to government entities, officers, and employees as defendants). A complaint is frivolous "where it lacks an arguable basis either in law or in fact." *Denton v. Hernandez*, 504 U.S. 25, 31 (1992) (quoting *Neitzke v. Williams*, 490 U.S. 319, 325 (1989)).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege that (1) she was deprived of a right, privilege, or immunity secured by the federal Constitution or laws of the United States; and (2) the deprivation was caused by a person acting under color of state law. *Flagg Bros. v.*

*Brooks*, 436 U.S. 149, 155-57 (1978); *Harris v. Circleville*, 583 F.3d 356, 364 (6th Cir. 2009). A *pro se* civil rights complaint is to be construed liberally. *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972). Despite this liberal pleading standard, the Court finds that the complaint fails to state a claim upon which relief may be granted.

**III. Discussion**

Plaintiff's complaint challenges the result of the SCFRA enforcement proceeding. She claims that the state court erred in finding that the defendants were immune from suit for considering child support payments as "assets" subject to seizure under SCFRA and in finding that her challenge to the Circuit Court's decision allowing the seizure was barred by *res judicata*.

This Court lacks jurisdiction over the case. "The Supreme Court is vested with exclusive jurisdiction over appeals from final state-court judgments. *See Abbott v. Michigan*, 474 F.3d 324, 328 (6th Cir. 2007) (citing *Lance v. Dennis*, 546 U.S. 459 (2006). The *Rooker-Feldman* doctrine bars attempts by a federal plaintiff to receive appellate review of a state-court decision in a federal district court. *Rooker v. Fidelity Trust Co.*, 263 U.S. 413 (1923); *District of Columbia Court of Appeals v.*

5

*Feldman*, 460 U.S. 462 (1983). A federal court has no authority to review complaints about injuries caused by a state-court judgment rendered before the federal proceeding commenced. *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 283-84 (2005). "So long as the plaintiff's injury arises from the state court's judgment, the doctrine applies." *Abbott v. Michigan,* 474 F.3d 324, 328 (6th Cir. 2007). Even injuries caused by third-party actions are barred from federal review under the *Rooker-Feldman* doctrine if they "are the products of a state court judgment." *Robbennolt v. Washington,* 626 Fed. App'x 155, 157 (6th Cir. 2015) (quotation omitted).

Plaintiff's claims concern the state court SCFRA proceeding and the defendants' actions in that proceeding. Her injuries are a result of the SCFRA judgment and the defendants' actions in relation to seeking reimbursement and enforcing the state-court judgment. Accordingly, plaintiff's claims are barred by the *Rooker-Feldman* doctrine.

**IV. Conclusion**

For the reasons stated above, the Court concludes that plaintiff fails to state a claim upon which relief may be granted. Accordingly, the

complaint is DISMISSED WITH PREJUDICE pursuant to 28 U.S.C. § 1915(e)(2)(B). (Dkt. 1.)

Further, plaintiff's request for summary judgment is DENIED AS MOOT. (Dkt. 5)

If plaintiff elects to appeal this decision, she may not proceed without prepayment of the fees and costs on appeal because an appeal would be frivolous and could not be taken in good faith. 28 U.S.C. § 1915(a)(3); *Coppedge v. United States*, 369 U.S. 438, 445 (1962).

IT IS SO ORDERED.

Dated: May 21, 2018　　　　　　　s/Judith E. Levy
Ann Arbor, Michigan　　　　　　　JUDITH E. LEVY
　　　　　　　　　　　　　　　　United States District Judge

## CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on May 21, 2018.

　　　　　　　　　　　　　　　　s/Shawna Burns
　　　　　　　　　　　　　　　　SHAWNA BURNS
　　　　　　　　　　　　　　　　Case Manager

7